**Scott BURGWIN et al.,**
**Plaintiffs-Appellants,**

v.

**Julius J. MATTSON et al.,**
**Defendants-Appellees.**

No. 73–3578.

United States Court of Appeals,
Ninth Circuit.

Sept. 2, 1975.

Certiorari Denied Jan. 26, 1976.

See 96 S.Ct. 879.

Charles F. Hinkle (argued), Portland, Or., for plaintiffs-appellants.

Barbara L. Herwig (argued), Civil Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

OPINION

Before MERRILL and TRASK, Circuit Judges, and LUCAS,* District Judge.

MERRILL, Circuit Judge:

On March 24, 1973, appellants were arrested by agents of the FBI in Bend, Oregon, for violation of 18 U.S.C. § 2101 by allegedly travelling in interstate commerce for the purpose of aiding and supporting an uprising against federal authorities by the American Indian Movement in Wounded Knee, South Dakota. They were, at the time of arrest, travelling east, in possession of a truck filled with food, blankets and other life-support materials and they were charged with an intent to transport these materials to Wounded Knee for the benefit of those engaged in the uprising.

Following their arrest appellants were taken to Portland, where they were released on their own recognizance. Two days later a formal complaint against

---

* Honorable Malcolm M. Lucas, United States District Judge for the Central District of California, sitting by designation.

them was filed by one of the FBI agents charging violation of § 2101. The following day the complaint was dismissed on motion of the United States Attorney for the District of Oregon, "in the best interests of justice." Three weeks later this action was brought by appellants against the FBI agents involved in the arrest, charging a conspiracy to deprive appellants of their civil rights of expression, travel and freedom from unreasonable arrest, search and seizure.

In due course appellees moved for summary judgment, supporting their motion by affidavits justifying their arrest of appellants. Appellants filed a memorandum in opposition, but it was unsupported by any affidavits or evidentiary material.

The district court, following hearing, concluded from the record before it that probable cause to arrest appellants had been established. Further, the court concluded that in making the arrests appellees were acting within the scope of their authority and reasonably believed in good faith that the arrest was lawful; and that consequently appellees were immune from liability.[1]

We agree with the conclusions of the district court.

Appellants argue that summary judgment was premature; that issues remained to be tried as to probable cause and good faith and that it cannot be said that these matters had been established as matter of law.

The district court, in granting summary judgment, noted:

"Defendants have filed numerous affidavits which set out in full detail the information which they received, the steps which they took and the care which they exercised before they arrested the plaintiffs.

Plaintiffs failed to file any response even though they had ample time before the hearing within which to take advantage of the discovery procedures which the Federal Rules of Civil Procedure permit."

The affidavits on behalf of appellees alleged facts which, if accepted, would entitle appellees to summary judgment. No effort whatsoever was made by appellants to show that a triable dispute existed as to those facts; that appellants had evidence to the contrary; or that there were other facts which, if considered by a jury, might support findings of lack of good faith. (We note that the conclusions reached by appellees as to the purpose of the truckload of life-support materials were far from unreasonable. If other more rational explanations existed, or should have occurred to appellees, appellants did not at the time of hearing inform the court as to what they were.)

The fact that the issue of good faith is largely involved with facts peculiarly within the knowledge of appellees is no justification for appellants' failure to respond to appellees' moving documents.[2] As the district judge noted, appellants had ample opportunity to take depositions of appellees. Further, at no point did they seek postponement of summary judgment proceedings in order to pursue discovery. Nor did they assert insufficient opportunity or ability effectively to raise disputes.

The failure of appellants to respond, then, left the affidavits of appellees without substantial dispute. The fact that the complaint against appellants had been dismissed "in the best interests

1. This is the test proposed in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 456 F.2d 1339 (2d Cir. 1972). The United States contends for a broader immunity under *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) (opinion of Harlan, J.). There is no need here for us to resolve this difference. The parties are otherwise in agreement that the *Bivens* standards are appropriate here.

2. *Consolidated Electric Co. v. United States ex rel. Gough Industries, Inc.*, 355 F.2d 437 (9th Cir. 1966), and *United States v. Perry*, 431 F.2d 1020 (9th Cir. 1970), are distinguishable on their facts.

of justice" did not serve to provide some innocent explanation for the trip, or to place in question appellees' reasonable belief, in good faith, in the lawfulness of their conduct.

Judgment affirmed.