**Terence Kayo HALLINAN, Plaintiff,**

v.

**John MITCHELL et al., Defendants.**

**No. C–75–558 RHS.**

United States District Court, N. D. California.

Aug. 30, 1976.

Benjamin B. Dreyfus, Garry, Dreyfus, McTernan, Brotsky, Herndon & Pesonen, Inc., San Francisco, Cal., for plaintiff.

R. John Seibert, Atty., Crim. Div., Dept. of Justice, Washington, D. C., Richard F. Locke, Asst. U. S. Atty., Dept. of Justice, San Francisco, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

SCHNACKE, District Judge.

The second amended complaint in this action seeks damages under 18 U.S.C. §§ 2510–2520 and U.S.Const., Amends. I, IV, V, VI, on account of defendants' causing certain conversations of plaintiff to be wiretapped without a warrant. This case has been dismissed by stipulation as to all defendants but Mitchell, who was Attorney General of the United States at all relevant times. Mitchell moved for an order dismissing the second amended complaint as to him and for an order granting him summary judgment. This Court recently denied the motion to dismiss, because the pleading, on its face, does state a claim on which relief may be granted, but granted the motion for summary judgment, for reasons that follow herein.

Defendant contends that the wiretapping at issue here was an example of domestic national-security wiretapping. *U. S. v. U. S. District Court,* 407 U.S. 297, 92 S.Ct. 2125, 32 L.Ed.2d 752, held in 1972 that wiretapping of that type, if done without a warrant, violates U.S.Const., Amend. IV. However, the parties agree that the wiretapping in the case at bar occurred in 1969 and 1970. This Court is inclined to agree with Judge Lloyd Burke who, in the very similar case of *Weinberg v. Mitchell,* C–75–817 LHB, granted summary judgment for Mitchell on June 25, 1976, stating that it would be grossly unfair to apply *U. S. v. U. S. District Court* retroactively.

Furthermore, Mitchell would not be liable under any statutory or constitutional provisions if, at the time of the acts complained of, there existed, in light of all the circumstances, reasonable grounds for the belief that the acts were appropriate, and if the acts were done in good faith [*Mark v. Groff,* 521 F.2d 1376, 1379–1380 (9th Cir. 1975); see also *Hutchison v. Lake Oswego School District # 7,* 519 F.2d 961, 968 (9th Cir. 1975)].

From a careful review of the record in the case at bar, this Court concludes that a reasonable trier of fact must find that: (a) the wiretapping involved was of the domestic national-security variety; (b) Mitchell's acts met the reasonableness/good faith standard of the just-cited cases. For example, as in *Hutchison v. Lake Oswego School District # 7, supra,*

Mitchell's acts disregarded no settled, indisputable law. Indeed, these acts, while violative of U.S.Const., Amend. IV, did not violate 18 U.S.C. §§ 2510–2520, since these statutes do not apply to national-security surveillances [*U. S. v. U. S. District Court, supra,* 407 U.S. at 306, 92 S.Ct. 2125].

Therefore, summary judgment here is appropriate as to Mitchell [see *Burgwin v. Mattson,* 522 F.2d 1213, 1214–1215 (9th Cir. 1975), *cert. denied,* 423 U.S. 1087, 96 S.Ct. 879, 47 L.Ed.2d 98 (1976)]. Mitchell shall submit within 10 days from the date of this order a form of final judgment which relates to all persons named as defendants in the second amended complaint.